FILED
SEP 3 0 2011
[signature]
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ROGER D. WALDNER, | \* | CIV 10-4056 |
| Plaintiff, | \* | |
| vs. | \* | ORDER DENYING MOTIONS |
| NORTH AMERICAN TRUCK & TRAILER, INC.; SIOUX FALLS KENWORTH, INC.; MID-STATES ACCEPTANCE CORP; CAROLINA COMMERCIAL TRUCK SALES, LLC; SIOUX FALLS TRAILER SALES, INC.; WILLIAM A. RUSH; KAREN A. RUSH; FREDERICK C. LOVRIEN, M.D.; ALLISON BOADE, M.D.; KATHY WATKINS; KATHY WILLIAMS; KAREN SNOW; MARCY THORMODSGAARD; KERRY SCHMIDT; RICHARD V. LONG; PARLIMAN & PARLIMAN; CADWELL, SANFORD, DEIBERT & GARRY; BRETT A. LOVRIEN; WILLEY, O'BRIEN & HANRAHAN, LC; RENEE K. HANRAHAN; BREIT LAW OFFICES PC; GLENN J. BOOMSMA; BRENDTRO LAW OFFICE; ZIMMER, DUNCAN & COLE, LLP; DANIEL K. BRENDTRO; RICE & EWINGER; CURT R. EWINGER; SUTTON LAW OFFICES; TERRY SUTTON; BARON, SAR, GOODWIN, GILL & LOHR; A. FRANK BARON; PACCAR, INC.; VOLVO TRUCK | \* | |

| | |
|---|---|
| CORPORATION; UTILITY TRAILER | * |
| MFG..; FISHBACK FINANCIAL | * |
| CORPORATION; FIRST BANK & | * |
| TRUST, formerly First National Bank; | * |
| WALLWORK FINANCIAL | * |
| CORPORATION; WELLS FARGO | * |
| BANK NORTH DAKOTA, NA; | * |
| US BANCORP LEASING AND | * |
| FINANCIAL; EIDE BAILLY, LLP; | * |
| McGLADREY & PULLEN, LLP; | * |
| EAST VANDER WOUDE & GRANT | * |
| CO. PC; THURMANB, COMES, | * |
| FOLEY & CO., LLP; UTILITY | * |
| TRAILER SALES OF CENTRAL | * |
| CALIFORNIA, INC.; | * |
| WARMER TRUCK CENTER OF UTAH; | * |
| JOHN HAUKNECHT, Agent, | * |
| Warner Truck Center of Utah; | * |
| DENTON HABER; | * |
| ACTION CARRIER, INC.; | * |
| MICHAEL L. WALSH; | * |
| WENDY L. WALSH; | * |
| GALLEY W. SMITH; | * |
| BRADLEY HARTKE; | * |
| DOUGLAS HARTKE; | * |
| COMMUNITY BANK AT WINSLOW, | * |
| formerly Winslow-Warren State Bank; | * |
| ROBERT LYVERS; | * |
| TERRI ROSE; | * |
| VAL GUENZLER; | * |
| CHEYANNE DOYLE; | * |
| SCOTT D. WIELE; | * |
| JACK MAKLER; | * |
| MARK FARIS; | * |
| DONALD WEBB; | * |
| PETER HUESER; | * |
| MARK THOMAS GEIS; | * |
| JAMES SKRZYPEK; | * |
| RICHARD D'MARTINI; | * |
| TIMOTHY MUELLER; | * |
| JANE DOES 1-14; JOHN DOES 1-14; | * |
| ROBERT THOMAS MOORE; and | * |
| A. THOMAS POKELA, | * |

|                | *  |
| Defendants.    | *  |
|                | *  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants James Skrzypek and Scott D. Wiele, move pro se for an order revoking Plaintiff Roger D. Waldner's good time credit, pursuant to 28 U.S.C. § 1932.[1] They also seek an order finding Plaintiff Roger Waldner to be a frivolous filer. Skryzypek and Wiele are incarcerated at the Federal Prison Camp in Duluth, Minnesota. Waldner is incarcerated at the Loretto Federal Correctional Institution in Loretto, Pennsylvania. Waldner is also pro se.

## DISCUSSION

The present case is a continuation of a dispute between Waldner and William Rush. The two have been embroiled in litigation for several years. In this case, Waldner filed a pro se complaint alleging that beginning in 2001, Rush engaged in a broad conspiracy with a multitude of lawyers, accountants, financial institutions, corporations, and federal prisoners to defraud him. Based on this alleged fraud, Waldner asserts civil RICO claims against over sixty different defendants. His allegations against Skrzypek and Wiele are that they were involved in harassment and intimidation. Docket 9, Redacted Complaint, at ¶¶ 258-267. Waldner asserts that the two, although incarcerated in federal prison, somehow conspired to join the "Rush Criminal Enterprise's conspiracy" to commit criminal fraud by "their theft of Waldner's shoes, roommate Joseph Power's shoes, intimidation, intentional harassment continuing today, and legal documents." *Id.*

Skrzypek and Wiele argue that the revocation of Waldner's good time credits under 28 U.S.C. § 1932 is warranted. Originally enacted as a part of the Prison Litigation Reform Act of 1996

---

[1] There are two sections of the United States Code denominated 28 U.S.C. § 1932. It is the second such provision that is applicable in this case.

(PLRA), section 1932 provides that the court may order the revocation of earned good time credit that has not yet vested if the court finds that a claim was filed for a malicious purpose, was filed solely to harass the party against which it was filed, or the claimant testifies falsely or otherwise knowingly presents false evidence to the court. *See Anderson v. Singletary*, 111 F.3d 801, 805 (11th Cir. 1997); 28 U.S.C. § 1932.

Skrzypek and Wiele argue that the instant claim is malicious and that Waldner filed it to harass them. A complaint is "malicious" when it contains allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits, or it contains disrespectful or abusive language. *See, e.g., In re Tyler*, 839 F.2d 1290, 1293 (8th Cir.1988).

Defendants concede that they cannot prove that Waldner knows the allegations to be false. While the allegation that Skrzypek and Wiele joined the Rush Conspiracy is far-fetched, it is not so wild as to be malicious. *Compare Rice v. Mills*, 46 Fed. App'x 212 (4th Cir. 2002) (affirming loss of good time sanction pursuant to 28 U.S.C. § 1932 where plaintiff alleged that government officials and agencies conspired to import and distribute cocaine in African-American neighborhoods and subvert the profits to the Nicaraguan Contra movement) *and Samuel v. Clinton*, 217 F.3d 840 (4th Cir. 2000) (affirming loss of good time sanction pursuant to 28 U.S.C. § 1932 where plaintiff asserted a RICO claim against the President of the United States, past presidents, Oliver North, Janet Reno, and three attorneys general among others alleging that defendants conspired to import cocaine to fund the Contras).

Nor is this complaint part of a longstanding pattern of abusive and repetitious lawsuits. While Skrzypek and Wiele argue Waldner's intent is to revisit prior judgments in state court, bankruptcy court, and his federal conviction, his litigation history does not approach the pattern of abusive and

repetitious lawsuits described in *Tyler*, 339 F.2d at 1291 (noting that plaintiff had filed 113 cases in the past two years in the court of appeals and 36 prior to that, that 51 of his cases were dismissed as frivolous before being served on the defendants, and 31 were dismissed on his own motion before trial). Nor does Waldner's history compare to that of other litigants who have been sanctioned under § 1932 with loss of good time credits. *See, e.g., Townsend v. United States*, No. 10-005, 2010 WL 2636065 (S.D. Ga. May 19, 2010) (noting that plaintiff sanctioned under § 1932 was "a serial, abusive filer" barred from seeking in forma pauperis status when filing civil suits and enjoined from filing any further civil actions without first meeting a list of conditions). Accordingly, defendants' motion for the revocation of good time credit pursuant to 28 U.S.C. § 1932 is denied.

Skrzypek and Wiele also ask that the court find Waldner to be a frivolous filer and "take such steps as it deems appropriate to protect the District Court and its staff from any further frivolous submissions by Plaintiff." This court has designated plaintiffs as abusive, frivolous filers, but only after it has previously determined that the filer in question was no longer eligible to proceed in forma pauperis due to the "three strikes" rule set forth at 28 U.S.C. § 1915(g). *See, e.g., Pellegrino v. Weber et. al.*, Civ. 04-4129, Docket 13 (characterizing plaintiff as a frequent abusive litigant who is no longer eligible to proceed in forma pauperis and noting that the Eighth Circuit Court of Appeals held that his "continued abuse of the legal process has placed an undue strain on the judicial resources of the district court as well as this court"). Waldner is not proceeding in forma pauperis in the instant case. He has never sought leave to proceed in forma pauperis before this court. Nor is Waldner's litigation history long or abusive enough to warrant designation as a frivolous filer. He has only been a party to one other case before this court, *Waldner v. Bush et. al.*, Civ. 06-4074. The case was originally filed in state court and the defendant removed the case to federal court. Although

5

Waldner's complaint was dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Procedure, he was represented by counsel. The case was neither frivolous nor abusive.

Thus, the court finds Waldner does not qualify as a frivolous filer. Accordingly, it is

ORDERED that Skrzypek and Wiele's motion (Docket 165) to revoke Waldner's good time credits pursuant to 28 U.S.C. § 1932 is denied.

IT IS FURTHER ORDERED that Skrzypek and Wiele's motion (Docket 165) to designate Waldner as a frivolous filer is denied.

Dated this 30th day of September, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
           DEPUTY