FILED
MAY 25 2012


UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ROGER D. WALDNER, | \* | CIV 10-4056-LLP |
| Plaintiff, | \* | |
| vs. | \* | ORDER GRANTING MOTION |
| | \* | TO DISMISS |
| NORTH AMERICAN TRUCK & TRAILER, INC.; SIOUX FALLS KENWORTH, INC.; MID-STATES ACCEPTANCE CORP; CAROLINA COMMERCIAL TRUCK SALES, LLC; SIOUX FALLS TRAILER SALES, INC.; WILLIAM A. RUSH; KAREN A. RUSH; FREDERICK C. LOVRIEN, M.D.; ALLISON BOADE, M.D.; KATHY WATKINS; KATHY WILLIAMS; KAREN SNOW; MARCY THORMODSGAARD; KERRY SCHMIDT; RICHARD V. LONG; PARLIMAN & PARLIMAN; CADWELL, SANFORD, DEIBERT & GARRY; BRETT A. LOVRIEN; WILLEY, O'BRIEN & HANRAHAN, LC; RENEE K. HANRAHAN; BREIT LAW OFFICES PC; GLENN J. BOOMSMA; BRENDTRO LAW OFFICE; ZIMMER, DUNCAN & COLE, LLP; DANIEL K. BRENDTRO; RICE & EWINGER; CURT R. EWINGER; SUTTON LAW OFFICES; TERRY SUTTON; BARON, SAR, GOODWIN, GILL & LOHR; A. FRANK BARON; PACCAR, INC.; VOLVO TRUCK | \* | |

| | |
|---|---|
| CORPORATION; UTILITY TRAILER | * |
| MFG..; FISHBACK FINANCIAL | * |
| CORPORATION; FIRST BANK & | * |
| TRUST, formerly First National Bank; | * |
| WALLWORK FINANCIAL | * |
| CORPORATION; WELLS FARGO | * |
| BANK NORTH DAKOTA, NA; | * |
| US BANCORP LEASING AND | * |
| FINANCIAL; EIDE BAILLY, LLP; | * |
| McGLADREY & PULLEN, LLP; | * |
| EAST VANDER WOUDE & GRANT | * |
| CO. PC; THURMANB, COMES, | * |
| FOLEY & CO., LLP; UTILITY | * |
| TRAILER SALES OF CENTRAL | * |
| CALIFORNIA, INC.; | * |
| WARMER TRUCK CENTER OF UTAH; | * |
| JOHN HAUKNECHT, Agent, | * |
| Warner Truck Center of Utah; | * |
| DENTON HABER; | * |
| ACTION CARRIER, INC.; | * |
| MICHAEL L. WALSH; | * |
| WENDY L. WALSH; | * |
| GALLEY W. SMITH; | * |
| BRADLEY HARTKE; | * |
| DOUGLAS HARTKE; | * |
| COMMUNITY BANK AT WINSLOW, | * |
| formerly Winslow-Warren State Bank; | * |
| ROBERT LYVERS; | * |
| TERRI ROSE; | * |
| VAL GUENZLER; | * |
| CHEYANNE DOYLE; | * |
| SCOTT D. WIELE; | * |
| JACK MAKLER; | * |
| MARK FARIS; | * |
| DONALD WEBB; | * |
| PETER HUESER; | * |
| MARK THOMAS GEIS; | * |
| JAMES SKRZYPEK; | * |
| RICHARD D'MARTINI; | * |
| TIMOTHY MUELLER; | * |
| JANE DOES 1-14; JOHN DOES 1-14; | * |
| ROBERT THOMAS MOORE; and | * |
| A. THOMAS POKELA, | * |

|               |   |
|---------------|---|
|               | * |
| Defendants.   | * |
|               | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants, Wells Fargo Bank of North Dakota, N.A. (Wells Fargo) and Wallwork Financial Corporation (Wallwork) move to dismiss the complaint for failure to state a claim upon which relief may be granted.[1] Plaintiff, Roger Waldner, opposes the dismissal of his complaint.

## FACTUAL BACKGROUND

Waldner is currently incarcerated in federal prison. The present case is a continuation of a dispute between Waldner and William Rush. The two have been embroiled in litigation for several years. In this case, Waldner filed a pro se complaint alleging that beginning in 2001, Rush engaged in a broad conspiracy with a multitude of lawyers, accountants, financial institutions, corporations, and federal prisoners to defraud him. Based on this alleged fraud, Waldner asserted civil RICO claims against over sixty different defendants. This Court dismissed Waldner's claims against the majority of the defendants on September 23, 2011. Docket 281. Waldner's claims against Wells Fargo and Wallwork remain.

The allegations against Wells Fargo are fairly narrow. In May 2001, Waldner asserts that he, as the sole shareholder of H & W Enterprises, Inc., entered into a financing arrangement with Rush. Docket 1, Complaint at ¶ 2. As part of this arrangement, Waldner alleges that H & W sold 757 pieces of equipment to Carolina Commercial Truck Sales, Inc. *Id.* Rush is the president of Carolina Commercial. *Id.* Waldner alleges that Carolina Commercial agreed to lease the equipment back to

---

[1] Wells Fargo also moves to dismiss for Waldner's failure to serve Wells Fargo within 120 days after filing the complaint. *See* Fed. R. Civ. P. 4(m). Because Waldner fails to state any substantive claims against Wells Fargo, the Court will not consider Wells Fargo's Rule 4(m) argument.

3

H& W. *Id.*

In the complaint, Waldner alleges that Rush pledged the equipment to defendant Wallwork Financial Corp. (Wallwork) as security for a loan. *Id.* at ¶ 44. Waldner asserts that Wallwork then assigned this security interest to Wells Fargo. *Id.* at ¶ 45. The complaint alleges that a UCC-1 financing statement was filed with the South Dakota Secretary of State in May of 2001 and another financing statement was filed with the Iowa Secretary of State in October of 2001. *Id.* at ¶¶ 46-47, 119. Waldner asserts that both financing statements would have shown Wells Fargo's security interest in the equipment. *Id.* Waldner also claims that Wells Fargo accepted falsified certificates of title for the equipment as security for the loan. *Id.* at ¶¶ 115, 122, 126. Waldner claims that Wells Fargo was aware of the altered VIN numbers and forged titles, which Wells Fargo denies.

Wallwork Financial Corporation is a corporation in good standing in North Dakota that provides financing and leasing to commercial truck and trailer enterprises. Docket 234, Affidavit of Kevin Miller, at ¶¶ 2, 5. The complaint alleges that Wallwork and others participated in the "Rush Criminal Enterprise." Wallwork denies these allegations, and asserts it provided a loan under normal financial arrangements and nothing more.

In May 2001, Wallwork provided financing to William and Karen Rush. Docket 1, Complaint, at ¶ 9. To secure the $800,000 loan, there was a pledge of equipment and Wallwork made the appropriate UCC filing. *Id.* at ¶¶ 10, 11. As alleged in the complaint, this security interest subsequently was assigned to Wells Fargo. *Id.* at ¶ 11. The complaint further alleges that Wallwork did periodic audits and became aware of certain double dealing and fraud by William Rush and others. Docket 1, Complaint, at ¶ 209. Waldner also alleges that Wallwork knowingly accepted falsified or forged titles as security for the loan. *Id.* at ¶ 122. Wallwork denies these allegations.

Rather, Wallwork asserts it was a creditor that followed normal commercial practices in securing the loan. As a secured creditor, it would not be in Wallwork's interest for any pledged equipment to have invalid titles or be improperly secured. Docket 234, Affidavit of Miller, at ¶ 13.

## STANDARD OF REVIEW

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal pursuant to Rule 12(b)(6) is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965; *Abdullah v. Minnesota*, 261 Fed. App'x 926, 927 (8th Cir. 2008) (citing *Twombly* and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). But broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). Finally, although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.*

## DISCUSSION

This Court previously took judicial notice of the state court documents that are part of the public record, as set forth in Dockets 30, 33, 53, 58, 77, 181, and 186. Docket 281 at 6. When ruling on a motion to dismiss under Rule 12(b)(6), courts can consider matter of public record in addition to the complaint's factual allegations. *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) ("In addressing a motion to dismiss, the court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.") (internal citations omitted).

### I.     Statute of Limitations

Waldner asserts violations of 18 U.S.C. § 1964(c) against defendants, which creates a private civil cause of action for RICO violations. While the civil RICO statute does not contain a statute of limitations, the Supreme Court has reasoned that civil RICO actions are subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143, 156 (1987) (reasoning that the Clayton Act's four-year statute of limitations applies to civil RICO actions). In its prior order dismissing the Waldner's claims against the other defendants, this Court observed that the Eighth Circuit has not addressed whether the injury discovery rule or the injury occurrence rule is the appropriate rule for determining when the statute of limitations accrues for a civil RICO action. *See* Docket 281 at 7. This Court adopted the reasoning of the Western District of Arkansas, as set forth in *Wal-Mart Stores, Inc. v. Watson*, 94 F. Supp. 2d 1027, 1033 (W.D. Ark. 2000), and held that the injury discovery rule is the appropriate accrual rule. Thus, a civil RICO cause of action accrues when either "the plaintiff actually knew of her injury, [or] using a reasonable person standard, [when] the plaintiff should have known." Docket 281 at 8 (quoting *Grimmet v. Brown*, 75 F.3d 506, 510 (9th

Cir. 1996)). Both Wells Fargo and Wallwork assert that Waldner's claims against them are barred by RICO's four-year statute of limitations. Waldner contests this assertion.

Waldner's claims against Wells Fargo relate to the use of equipment to finance a loan in 2001. Docket 1, Complaint, at ¶ 2. The alleged loan provided financing for the alleged sale and lease back financing arrangement between H&W and Carolina. Waldner alleges that Carolina improperly held itself out as the owner of 757 pieces of equipment. *Id.* at ¶¶ 11-17. Waldner then alleges that Wells Fargo accepted altered vehicle titles because the titles indicate that Carolina owned the equipment. *Id.* at ¶¶ 43-53.

Waldner admits he knew that Carolina had sold the equipment in 2002. *See* Docket 281, Order at 17. Moreover, the ownership of the equipment was an issue in Waldner's bankruptcy in 2002. *Id.* at 13. Because Waldner was aware that Carolina asserted ownership of the equipment in2002, he was subjectively aware of the alleged injury and his RICO claim accrued in 2002. The applicable statute of limitations thus expired in 2006. Waldner did not commence this action until May 20, 2010, when he filed the complaint. Docket 1. Thus, Waldner's claims against Wells Fargo are barred by the statute of limitations.

Even if Waldner did not know of the alleged sale in 2002, the other allegations in the complaint confirm that Waldner's claims against Wells Fargo are barred by the statute of limitations. Waldner claims that he received the allegedly altered titles as part of the discovery in several consolidated lawsuits in Minnehaha County involving Rush. Docket 1, Complaint at ¶¶ 9-11. According to the complaint, Waldner received these documents before the consolidated trial in that lawsuit. *Id.* at ¶ 9. The trial commenced on April 26, 2006. Docket 238, Affidavit of Jason R. Sutton dated May 26, 2011. Thus, Waldner received the allegedly false titles before April 26, 2006. Docket

1, Complaint at ¶ 9. Consequently, he should have realized his injury by that date and his cause of action accrued against Wells Fargo on April 26, 2006. The applicable limitations period then expired on April 26, 2010, well before Waldner filed his complaint. Thus, Waldner's claims against Wells Fargo are barred by the statute of limitations.

Wallwork also argues that Waldner's claims against it are time-barred. Other than the general allegations of a "Rush Criminal Enterprise," the only specific allegation against Wallwork is an allegation that defendant Rush pledged 757 pieces of equipment to Wallwork to secure a loan. Docket 1, Complaint, Count 2, ¶ 44. Waldner also alleges that Wallwork could have acquired a judicial lien superior to that of defendant Carolina Commercial Truck Sales. Docket 1, Complaint, Count 30, ¶ 180. As previously discussed, this information was known by Waldner in 2002. Thus, Waldner's claims against Wallwork based on these allegations are barred by the statute of limitations.

Waldner also alleges that Wallwork, along with defendants Paccar, Volvo, Utility Trailer Manufacturing, Fishback, First Bank, Wells Fargo, US BankCorp, Eide Bailly, McGladrey, East Vander Woude, and Thurman Comes, did periodic audits. This court addressed that allegation against the other defendants in its order dismissing Waldner's claims and held that any claim based upon any alleged periodic audit was time barred. Docket 281, Order, at 15-16. Waldner's claim against Wallwork based on the alleged periodic audits is similarly barred.

Wallwork also argues that any claim Waldner asserts against it based on a claim of forged or false VIN numbers is barred by the statute of limitations. Wallwork argues that Waldner would have known of this information, as a matter of law, well in excess of four years prior to the commencement of this lawsuit. This Court previously took judicial notice of the state court

documents that are part of the public record, as set forth in Dockets 30, 33, 53, 58, 77, 181, and 186. Docket 281 at 6. The state court action involved at least one trial, as of April 2006. Matters relating to the altered VIN numbers became known as part of the documents produced in the state court trials, which were consolidated for the April 2006 trial. Docket 1, Complaint, at ¶ 11. It also appears that matters relating to these pieces of equipment were known to Waldner as part of the 2002 bankruptcy. *Id.* at ¶ 5. Thus, this action against Wallwork was time-barred prior to the filing of the complaint on May 20, 2010.

## II.     Waldner's complaint fails to state a RICO claim or a RICO conspiracy claim.

Waldner has asserted claims against Wells Fargo and Wallwork under 18 U.S.C. § 1962(c) and (d). To state a § 1962(c) claim, Waldner must make a four-part showing: "(1) the existence of an enterprise; (2) conduct by the defendants in association with the enterprise; (3) the defendants' participation in at least two predicate acts of racketeering; and (4) conduct that constitutes a pattern of racketeering activity." *In re Sac & Fox Tribe*, 340 F.3d 749, 767 (8th Cir. 2003) (citing *United HealthCare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 570 (8th Cir. 1996)). Ordinary commercial disputes, even those involving fraud, do not support a civil RICO claim. *See Rolfes v. MBNA Am. Bank, N.A.*, 416 F. Supp. 2d 745, 751 (D.S.D. 2005). Sections (a) through (c) of 1962 are the substantive RICO statutes that prohibit certain activity. Section (d) "renders it unlawful 'for any person to conspire' to violate those subsections.

The gist of Waldner's complaint is that Rush and related entities committed fraud arising out of a financing relationship. Docket 1, Complaint at ¶¶ 12-13, 21-22, 49. With respect to Wells Fargo, Waldner asserts that Wells Fargo is liable under the civil RICO statute because it accepted false certificates of title as security. *Id.* at ¶¶ 43, 122, 126. One loan by Wells Fargo, however, is

9

insufficient to establish a pattern of racketeering activity. *Rolfes*, 416 F.Supp. 2d at 753 ("But a single transaction, with only one victim, taking place over a short period of time, does not constitute a pattern of racketeering activity."). Nor does Waldner allege any facts indicating that Wells Fargo engaged in at least two predicate acts of racketeering. Finally, Waldner's complaint also fails to allege the threat of future criminal activity by Wells Fargo that is necessary to show a pattern of racketeering. *See Thornton v. First Bank of Toplin*, 4 F.3d 650, 652 (8th Cir. 1993). Thus, Waldner has failed to state a § 1962(c) violation against Wells Fargo and his complaint is dismissed for failure to state a claim.

The only specific allegations against Wallwork relate to the fact that it undertook a normal financing arrangement for a loan in 2001 which was secured by certain equipment. Waldner also alleges that Wallwork, along with a number of other defendants, conducted periodic audits. Even accepting these allegations as true, Waldner's allegations against Wallwork also fail to state a claim under § 1962(c). As previously discussed, a single transaction does not constitute a pattern of racketeering. Nor has Walder alleged facts indicating that Wallwork engaged in at least two predicate acts of racketeering or that there is a threat of future criminal activity by Wallwork. Thus, Waldner's allegations against Wallwork fail to state a § 1962(c) violation and are dismissed for failure to state a claim.

Waldner has also alleged a RICO conspiracy claim in violation of § 1962(d). "[T]o show a RICO conspiracy in violation of § 1962( d), the plaintiff must present evidence beyond that required to establish a right to relief under § 1962( c)." *United States v. Kehoe*, 310 F.3d 579, 587 (8th Cir. 2002) (citing *Handeen v. Lemaire*, 112 F.3d 1339, 1355 (8th Cir. 1997)). "The additional evidence required to show a RICO conspiracy 'need only establish a tacit understanding between the parties,

and . . . may be shown wholly through the circumstantial evidence of [each defendant's] actions.'" *Id.* (quoting *Handeen*, 112 F.3d at 1355). Waldner has not alleged any facts indicating that Wells Fargo or Wallwork entered into a tacit agreement to participate in the alleged RICO enterprise. Rather, the complaint contains conclusory allegations that Wells Fargo and Wallwork (along with other defendants) "knew of the conspiracy and agreed to join it by providing the necessary support to execute the conspiracy, namely equipment, financing, and accounting services." Docket 1, Complaint at ¶ 213. Nor has Waldner alleged any facts connect Wells Fargo or Wallwork with a criminal enterprise. See Docket 281, Order, at 27-29 (dismissing the complaint against numerous co-defendants for failure to state a RICO conspiracy claim because the complaint failed to allege facts indicating that the defendant joined the RICO enterprise). Thus, Waldner's RICO conspiracy claims against Wells Fargo and Wallwork fail. Therefore, it is

ORDERED that Wells Fargo's and Wallwork's motions to dismiss (Docket 285, 288) are granted.

Dated this 25th day of May, 2012.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Summia Uahn
    DEPUTY