UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**
JUL 25 2012
[signature] CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ROGER D. WALDNER, | CIV 10-4056-LLP |
| Plaintiff, | |
| vs. | AMENDED ORDER DENYING MOTION FOR SANCTIONS |
| NORTH AMERICAN TRUCK & TRAILER, INC.; SIOUX FALLS KENWORTH, INC.; MID-STATES ACCEPTANCE CORP; CAROLINA COMMERCIAL TRUCK SALES, LLC; SIOUX FALLS TRAILER SALES, INC.; WILLIAM A. RUSH; KAREN A. RUSH; FREDERICK C. LOVRIEN, M.D.; ALLISON BOADE, M.D.; KATHY WATKINS; KATHY WILLIAMS; KAREN SNOW; MARCY THORMODSGAARD; KERRY SCHMIDT; RICHARD V. LONG; PARLIMAN & PARLIMAN; CADWELL, SANFORD, DEIBERT & GARRY; BRETT A. LOVRIEN; WILLEY, O'BRIEN & HANRAHAN, LC; RENEE K. HANRAHAN; BREIT LAW OFFICES PC; GLENN J. BOOMSMA; BRENDTRO LAW OFFICE; ZIMMER, DUNCAN & COLE, LLP; DANIEL K. BRENDTRO; RICE & EWINGER; CURT R. EWINGER; SUTTON LAW OFFICES; TERRY SUTTON; BARON, SAR, GOODWIN, GILL & LOHR; A. FRANK BARON; PACCAR, INC.; VOLVO TRUCK | |

| | |
|---|---|
| CORPORATION; UTILITY TRAILER | * |
| MFG..; FISHBACK FINANCIAL | * |
| CORPORATION; FIRST BANK & | * |
| TRUST, formerly First National Bank; | * |
| WALLWORK FINANCIAL | * |
| CORPORATION; WELLS FARGO | * |
| BANK NORTH DAKOTA, NA; | * |
| US BANCORP LEASING AND | * |
| FINANCIAL; EIDE BAILLY, LLP; | * |
| McGLADREY & PULLEN, LLP; | * |
| EAST VANDER WOUDE & GRANT | * |
| CO. PC; THURMANB, COMES, | * |
| FOLEY & CO., LLP; UTILITY | * |
| TRAILER SALES OF CENTRAL | * |
| CALIFORNIA, INC.; | * |
| WARMER TRUCK CENTER OF UTAH; | * |
| JOHN HAUKNECHT, Agent, | * |
| Warner Truck Center of Utah; | * |
| DENTON HABER; | * |
| ACTION CARRIER, INC.; | * |
| MICHAEL L. WALSH; | * |
| WENDY L. WALSH; | * |
| GALLEY W. SMITH; | * |
| BRADLEY HARTKE; | * |
| DOUGLAS HARTKE; | * |
| COMMUNITY BANK AT WINSLOW, | * |
| formerly Winslow-Warren State Bank; | * |
| ROBERT LYVERS; | * |
| TERRI ROSE; | * |
| VAL GUENZLER; | * |
| CHEYANNE DOYLE; | * |
| SCOTT D. WIELE; | * |
| JACK MAKLER; | * |
| MARK FARIS; | * |
| DONALD WEBB; | * |
| PETER HUESER; | * |
| MARK THOMAS GEIS; | * |
| JAMES SKRZYPEK; | * |
| RICHARD D'MARTINI; | * |
| TIMOTHY MUELLER; | * |
| JANE DOES 1-14; JOHN DOES 1-14; | * |
| ROBERT THOMAS MOORE; and | * |
| A. THOMAS POKELA, | * |

|                | *  |
| Defendants.    | *  |
|                | *  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Roger D. Waldner, moves for sanctions against defendants WellsFargo Bank of North Dakota, N.A. (Wells Farog) and Wallwork Financial Corporation (Wallwork) pursuant to Rule 11 of the Federal Rules of Civil Procedure. Wells Fargo and Wallwork oppose these motions.

Rule 11(a) of the Federal Rules of Civil Procedure requires every paper filed with the Court to be signed by an attorney. As part of that signature, the attorney certifies, among other things, that:

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so indicated, are reasonably based on a belief or lack of information.

Fed. R. Civ. P. 11(b)(3)-(4). "Rule 11 requires that an attorney conduct a reasonable inquiry of the factual and legal basis for a claim before filing." *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003). The Court must determine whether "a reasonable and competent attorney would believe in the merit of an argument." *Miller v. Bittner*, 985 F.2d 935, 939 (8th Cir. 1993). The Court has broad discretion in ruling on a motion for Rule 11 sanctions. *Coonts*, 316 F.3d at 753.

Waldner alleges that Wells Fargo's attorney violated Rule 11 in two ways: (1) Wells Fargo made factual statements indicating that Waldner's company H&W Enterprises sold 757 pieces of equipment to Carolina Commercial Truck Sales, Inc.; and (2) Wells Fargo generally denied that it violated the RICO statute. Docket 339 at 5-7, 8. A review of the record demonstrates that these contentions are without merit. First, the <u>complaint</u> describes the financing arrangement as an equipment sale to Carolina Commercial. *See* Docket 9 at ¶ 2 ("In May of 2001, Roger D. Waldner entered into a financing arrangement . . . whereby he agreed to sell to the Rushes 757 pieces of H&W equipment . . . then owned by H&W Motor Express Company . . . for $800,000 as part of an agreement with William R. Rush, <u>whereby Carolina Commercial Truck Sales, L.L.C ("Carolina")</u> . . . was to acquired the rolling stock from the Rushes . . .[.]"). Additional allegations in the <u>complaint</u> describe the equipment as owned by Carolina Commercial. *Id.* at ¶ 47. There is also

3

evidence in the record indicating that Carolina Commercial owned the equipment. Waldner submitted a letter from Brett Lovrien to Roger Waldner and an unsigned bill of sale that purports to sell the equipment from H&W and Carolina Commercial to the court. *See* Docket 261-14, 261-15. There are also certificates of titles showing Carolina Commercial as the owner. *See* Docket 261-16, 261-21. With respect to the second allegation, Wells Fargo's general denial that it violated RICO does not violate Rule 11. This Court has already determined that the complaint failed to state a RICO claim as to Wells Fargo. *See* Docket 344. Thus, Waldner is not entitled to Rule 11 sanctions against Wells Fargo.

Waldner's motion for sanctions against Wallwork is similarly deficient. Waldner claims that Wallwork's attorney falsely represented that Wallwork made a loan to William R. Rush in May 2001 for $800,000 in which a security interest was taken in the equipment. Again, the evidence fully supports this information. The Affidavit of Kevin Miller and the attached documents demonstrate that Wallwork made an $800,000 loan to William and Karen Rush on May 23, 2001. *See* Docket 234 at ¶¶ 9, 12; 234-3. Thus, Waldner's motion for Rule 11 sanctions against Wallwork fails. Therefore, it is

ORDERED that Waldner's motions for Rule 11 sanctions (Docket 339, 340) are denied.

Dated this 25th day of July, 2012.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Colleen Schulte
      DEPUTY

4