UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

MAR 1 5 2013

CLERK

| | | |
|---|---|---|
| ROGER D. WALDNER, | ) | Civ. 10-4056-LLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALLISON BOADE, M.D.; | ) | |
| KAREN SNOW; | ) | |
| THURMAN, COMES, FOLEY & CO., LLP; | ) | |
| WARNER TRUCK CENTER OF UTAH; | ) | ORDER GRANTING DEFENDANT |
| ACTION CARRIER, INC.; | ) | THURMAN, COMES, FOLEY & CO., |
| MICHAEL L. WALSH; | ) | LLP'S MOTION FOR SUMMARY |
| WENDY L. WALSH; | ) | JUDGMENT |
| GALLEY W. SMITH; | ) | |
| BRADLEY HARTKE; | ) | |
| DOUGLAS HARTKE; | ) | |
| JACK MAKLER; | ) | |
| RICHARD D'MARTINI; | ) | |
| JANE DOES 1-14; | ) | |
| JOHN DOES 1-14; | ) | |
| ROBERT THOMAS MOORE; and | ) | |
| A. THOMAS POKELA, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Roger D. Waldner is an inmate at the Federal Prison Camp in Duluth,

Minnesota. Docket 1 at 1. On May 20, 2010, plaintiff filed a pro se lawsuit against more than

sixty named defendants, alleging that defendants engaged in a broad conspiracy to defraud him

in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *Id.*

On September 23, 2011, after receiving and considering various dispositive motions, the

Court dismissed Waldner's claims against the majority of the defendants. Docket 281. The

Court dismissed two more defendants on May 25, 2012. Docket 344. Waldner's claims against

Thurman, Comes, Foley & Co., LLP (hereinafter "Thurman, Comes & Foley"), however,

remain. Accordingly, defendant Thurman, Comes & Foley moves for summary judgment on the

grounds that no genuine issues of material fact exist and defendant is entitled to judgment as a

matter of law. Docket 350. Waldner does not oppose this motion. For the reasons set forth

herein, the Court grants defendant's motion for summary judgment.

### FACTUAL BACKGROUND

In the light most favorable to Waldner, the facts are as follows:

In 2002, Waldner initiated bankruptcy proceedings on behalf of H&W Motor Express

Company, his solely owned corporation. *See In re H & W Motor Express Co.*, 343 B.R. 208

(Bankr. N.D. Iowa 2006). After the close of those proceedings, numerous creditors filed state-

court lawsuits against Waldner in Iowa and South Dakota alleging that Waldner violated various

contracts. In 2007, Waldner pleaded guilty to having made false statements during the federal

bankruptcy proceedings. *See United States v. Waldner*, 564 F. Supp. 2d 911 (N.D. Iowa 2008).

Consequently, Waldner was sentenced to ten years in prison.

This case arose out of a dispute between Waldner, William Rush, and their respective

business entities. Rush is the majority shareholder and chief executive officer of North

American Truck & Trailer, Inc. ("NATT"), and at the outset of this case, Waldner accused Rush

of conspiring with a multitude of lawyers, accountants, financial institutions, corporations, and

federal prisoners to defraud Waldner. Docket 1. Thurman, Comes & Foley is one such entity

accused of conspiring with Rush to defraud Waldner. More specifically, Waldner alleges that

Thurman, Comes & Foley performed periodic audits of former defendant NATT, during which

time "they became aware that Carolina and Mid-States had fraudulently double-financed lease

2

contracts and double-sold equipment contracts with banks and lending institutions, and that the proceeds of such criminal activity had been deposited in the common bank account maintained by the Rush Criminal Enterprise Companies." Docket 1 at ¶¶ 209–210. Moreover, Waldner claims that Thurman, Comes & Foley "knew that payments which they received for their goods or services came from said tainted bank account. *Id.* at ¶ 210.

Therefore, because Thurman, Comes & Foley "were aware of the existence of the Rush Criminal Enterprise Companies . . . , knew of the plan to commit criminal fraud to enrich the Rush Criminal Enterprise Companies and knew that the plan called for some conspirators to perpetrate the crimes and others to provide support," Waldner asserts that defendants knowingly joined and supported the conspiracy in violation of 18 U.S.C. §§ 1962(c) and (d). *Id.* at ¶¶ 1, 211–213. Beyond these alleged facts, Waldner has not provided the court with any additional information regarding the claims he has asserted against Thurman, Comes & Foley.

## STANDARD OF REVIEW

"Summary judgment is appropriate when the evidence,[1] viewed in a light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." *Clark v. Kellogg, Co.*, 205 F.3d 1079, 1082 (8th Cir. 2000); *see also* Fed. R. Civ. P. 56(a). "Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and by affidavit or otherwise designate specific facts showing that there is

---

[1] The evidence includes the pleadings, depositions, documents, electronically stored information, stipulations, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c).

3

a genuine issue for trial." *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir. 1992) (internal quotations and citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although "the court is required to . . . give [the nonmoving] party the benefit of all reasonable inferences to be drawn from the underlying facts," *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980), the nonmoving party may not "rest upon mere denials or allegations." *Forrest v. Kraft Foods, Inc.*, 285 F.3d 688, 691 (8th Cir. 2002). Instead, the nonmoving party must "set forth specific facts sufficient to raise a genuine issue for trial." *Id.*

Prisoners who proceed pro se are entitled to the benefit of liberal construction at the pleading stage. *Quam v. Minnehaha Cnty. Jail*, 821 F.2d 522, 522 (8th Cir. 1987). Nonetheless, the summary judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure remains applicable to prisoners proceeding pro se. *Id.* The district court is not required to "plumb the record in order to find a genuine issue of material fact." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996). Moreover, the court is not "required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Id.* Courts must remain sensitive, however, "to the special problems faced by prisoners attempting to proceed pro se in vindicating their constitutional rights, and [the Eighth Circuit does] not approve summary dismissal of such pro se claims without regard for these special problems." *Nickens v. White*, 622 F.2d 967, 971 (8th Cir. 1980).

4

## DISCUSSION

"To recover in a civil suit for a violation of RICO, a plaintiff must prove: (1) that the defendant violated 18 U.S.C. § 1962; (2) that the plaintiff suffered injury to business or property; and (3) that the plaintiff's injury was proximately caused by the defendant's RICO violation." *Fogie v. THORN Americas, Inc.*, 190 F.3d 889, 894 (8th Cir. 1999) (citations omitted). In the instant case, Waldner has alleged that Thurman, Comes & Foley violated subsections (c) and (d) of 18 U.S.C. § 1962. Docket 1 at ¶¶ 1, 214. Under subsection (c), it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." To state a claim under § 1962(c), "a plaintiff must establish (1) the existence of an enterprise[2]; (2) defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) defendant's actions constitute a pattern of racketeering activity." *United Healthcare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 570 (8th Cir. 1996). Moreover, "the plaintiff must demonstrate that 'he has been injured in his business or property by the conduct constituting the violation.' " *Id.* (quoting *Sedima, S.P.R.L. v. Imrex*

---

[2] An enterprise must possess three characteristics: "[a] common or shared purpose, some continuity of structure and personnel, and an ascertainable structure distinct from that inherent in a pattern of racketeering." *McDonough v. Nat'l Home Ins. Co.*, 108 F.3d 174, 177 (8th Cir. 1997) (internal citations omitted). The Eighth Circuit has defined "continuity of structure" as " 'an organizational pattern or system of authority that provides a mechanism for directing the group's affairs on a continuing, rather than an ad hoc basis.' " *Rolfes v. MBNA Am. Bank N.A.*, 416 F. Supp. 2d 745, 751 (D.S.D. 2005) (quoting *United States v. Kragness*, 830 F.2d 842, 856 (8th Cir. 1987)). To establish the third characteristic, a distinct structure, a plaintiff must show "that the common activities of the enterprise extend beyond the minimal association necessary to sustain the pattern of racketeering." *McDonough*, 108 F.3d at 177 (internal citations omitted).

*Co.*, 473 U.S. 479, 496 (1985)). Subsection (d) incorporates the conduct prohibited in subsection (c) by making it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of [§ 1962]." To establish that a defendant engaged in a conspiracy to violate RICO, a plaintiff must present "additional evidence[3] that the defendant entered into an agreement to breach the statute." *Handeen v. Lemaire*, 112 F.3d 1339, 1354 (8th Cir. 1997) (citations omitted).

Despite Waldner's allegations, Thurman, Comes & Foley maintains that it "has never provided auditing or any other services to NATT, or to its subsidiaries, or to William Rush." Docket 351 at 8; Docket 352 at ¶¶ 6–7; Docket 353 at ¶¶ 4–5. Accordingly, defendant "has not and could not become aware of NATT's alleged criminal activity, and was never paid by NATT with funds of any sort." As previously noted, Waldner has not filed objections to Thurman, Comes & Foley's motion for summary judgment, nor has he offered evidence to support his allegations against the defendant. In other words, even if the Court were to assume the existence of an enterprise, Waldner has not disputed the defendant's assertion that it had no association with such enterprise. Moreover, Waldner has not disputed defendant's claim that it did not participate in racketeering activities. Finally, Waldner has not established that the defendant entered into an agreement to breach § 1962(c). The Court therefore finds that there are no material facts in dispute and that Thurman, Comes & Foley is entitled to summary judgment as a matter of law.

---

[3] " 'The additional evidence required to show a RICO conspiracy 'need only establish a tacit understanding between the parties, and . . . may be shown wholly through the circumstantial evidence of [each defendant's] actions.' " *Handeen*, 112 F.3d at 1355 (quoting *United States v. Darden*, 70 F.3d 1507, 1518 (8th Cir. 1995)).

6

Accordingly, it is

ORDERED that defendant's motion for summary judgment (Docket 350) is granted.

Dated this 15th day of March, 2013.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
Deputy

7